No. 23-1242

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

Matthew Meinen,
Plaintiff-Appellant,


vs.


Bi-State Development Agency,
Defendant-Appellee.

---

Appeal from the United States District Court
for the Eastern District of Missouri (St. Louis)
Case. No. 4:22-cv-00620-JAR
The Honorable John A. Ross, United States District Judge

---

## BRIEF OF APPELLANT

---

Douglas Ponder
PONDER ZIMMERMANN LLC
20 S. Sarah St.
St. Louis, MO 63108


ATTORNEYS FOR APPELLANT

## SUMMARY OF THE CASE AND REQUEST FOR ORAL ARGUMENT

This is a discrimination and retaliation case brought under Title VII by Appellant Matthew Meinen (hereinafter "Meinen") against his former employer Bi-State Development Agency (hereinafter "Bi-State"). Meinen began working for Bi-State in 2013 as a Transit Security Specialist (hereinafter "TSS"). In early 2021, Meinen began enduring sexual harassment from a female TSS. Meinen reported the harassment on numerous occasions, but his reports were ignored. On or about May 17, 2021, Meinen was terminated.

Meinen filed suit in Missouri State Court asserting four counts under Title VII: Count I is for retaliation, Count II is for gender discrimination, Count III is for race discrimination, and Count IV is for hostile work environment. Bi-State removed the case to federal court, and then filed a Motion to Dismiss. Meinen then filed his First Amended Complaint, and Bi-State again filed a Motion to Dismiss. Therein, Bi-State argued all four counts should be dismissed because, according to Bi-State, Meinen did not plead sufficient underlying facts to support his claims. On January 11, 2023, the district court granted Bi-State's Motion to Dismiss, thereby dismissing all four counts. Meinen then filed a timely Notice of Appeal.

Meinen requests oral argument, as the case presents complex issues of law. Meinen requests 15 minutes per side.

Appellate Case: 23-1242    Page: 2    Date Filed: 04/05/2023 Entry ID: 5261994

# **TABLE OF CONTENTS**

Summary of the Case and Request for Oral Argument…………..…......................1

Table of Contents....……………………………………………………………………2

Table of Authorities.....……………………………………………………………4

Jurisdictional Statement.……………………………………………………………5

Statement of the Issues.……………………………………………………………..7

Statement of the Case.……………………………………………………………8

Summary of the Argument.…………………………………………………....16

Argument.……………………………………………………………………......17

    I.     The district court erred in dismissing Meinen's retaliation claim set forth in Count I, based on its conclusion that Meinen failed to plead sufficient facts to support a finding of causation, because the district court only considered whether the temporal proximity between Meinen's protected conduct and termination was close enough to support an inference of causation and ignored several other factors supporting an inference of causation................................…17

    II.    The district court erred in dismissing Meinen's discrimination claims (both race and gender) set forth in Counts II and III, based on its conclusion that Meinen's pleadings were insufficient under the *McDonnell Douglas* burden-shifting analysis, because the *McDonnell Douglas* burden shifting analysis is a summary judgment standard that should not be applied to a motion to dismiss……………………....20

    III.    The district court erred in dismissing Meinen's hostile work environment claim set forth in Count IV, based on its conclusion that Meinen did not state how the hostile work environment affected a term, condition, or privilege of his employment, because the district court ignored several allegations that sufficiently support the conclusion that a term, condition, or privilege of Meinen's employment was affected………………………………………………….22

Appellate Case: 23-1242    Page: 3    Date Filed: 04/05/2023 Entry ID: 5261994

Conclusion…………………………………………………………………………………..25

Certificate of Compliance……………………………………………………………...…26

Certificate of Service……………………………………………………………………..27

Appellate Case: 23-1242    Page: 4    Date Filed: 04/05/2023 Entry ID: 5261994

# TABLE OF AUTHORITIES

**Cases**

<u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007)……………...……17, 21, 23

<u>Blomker v. Jewell</u>, 831 F.3d 1051 (8th Cir. 2016)………………………….……..22

<u>Burlington Industries v. Ellerth</u>, 524 U.S. 742 (1998)………………………..23, 24

<u>Hunt v. Hopkins</u>, 266 F. 3d 934 (8th Cir. 2001)…………………………….……5

<u>Marcure v. Lynn</u>, 992 F.3d 625 (7th Cir. 2021)…………………...……18, 21, 23

<u>McDonnell Douglas Corp. v. Green</u>,
411 U.S. 792 (1973)……………………………………………...………21, 22

<u>Sapp v. City of Brooklyn Park</u>, 825 F.3d 931 (8th Cir.2016)……………..……..…5

<u>Ring v. First Interstate Mortg., Inc.</u>, 984 F.2d 924 (8th Cir. 1993)………………..21

<u>Shirrell v. St. Francis Med. Ctr.</u>,793 F.3d 881 (8th Cir. 2015)……………………18

<u>Swierkiewicz v. Soreme</u>, 534 U.S. 506 (2002)…………………………………...22

<u>Washington v. Board of Regents of University of Minnestoa</u>,
998 F.3d 789 (8th Cir. 2021)………………………………………………23

<u>Wells v. SCI Mgmt., L.P.</u>, 469 F.3d 697 (8th Cir. 2006)…………………………18

<u>Wilson v. Ark. Dep't of Human Servs.</u>,
850 F.3d 368 (8th Cir. 2017)…………………………….…………17, 20, 22, 23

**Statutes & Regulations**

28 U.S.C. § 1331………………………………………………………………...5

28 U.S.C. § 1291………………………………………………………...……5

4

## JURISDICTIONAL STATEMENT

The district court's jurisdiction is based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331, as Meinen asserts claims under Title VII of the Civil Rights Act of 1964. Jurisdiction before this Court is proper under 28 U.S.C. § 1291, which gives this Court jurisdiction over final decisions of the district courts. A dismissal (whether with or without prejudice) is presumptively final unless the district court also grants the plaintiff leave to amend, or otherwise clearly manifests an intent to allow the case to proceed after amended pleadings are filed. Sapp v. City of Brooklyn Park, 825 F.3d 931, 934 (8th Cir. 2016).

Here, in dismissing the case, the district court did not grant Meinen leave to amend, nor did it manifest an intent to allow the case to proceed after amended pleadings were filed. Instead, in its Memorandum and Order, the district court stated: "IT IS HEREBY ORDERED that Bi-State's motion to dismiss, (ECF No. 20) is GRANTED. A separate Judgment of Dismissal without prejudice accompanies this Memorandum and Order." (App. 115; R. Doc. 26, at 12.) The district court then entered a separate document entitled Order of Dismissal. (App. 116; R. Doc. 27, at 1.) Therein, the district court stated it was dismissing the "case," as opposed to the pending complaint, which is another indicator of finality. See Hunt v. Hopkins, 266 F. 3d 934 (8th Cir. 2001) (explaining that district court's

5

dismissal of the action, as opposed to the complaint, is an indicator the dismissal was final and appealable).

Based on the foregoing, it is clear the district court's Order of Dismissal, entered on January 11, 2023, constitutes a final decision subject to appellate review. In that regard, Meinen timely filed his Notice of Appeal on February 6, 2023. (App. 117-118; R. Doc. 28, at 1-2.)

# STATEMENT OF THE ISSUES

I.      Did the district court err by concluding Meinen failed to plead sufficient facts to support an inference of causation on his retaliation claim set forth in Count I?

Proposed response:  Yes

Apposite authorities:

Wilson v. Ark. Dep't of Human Servs., 850 F.3d 368 (8th Cir. 2017)


II.     Did the district court err by applying the *McDonnell Douglas* burden-shifting analysis to Meinen's discrimination claims set forth in Counts II and III?

Proposed response:  Yes

Apposite authorities:

Swierkiewicz v. Soreme, 534 U.S. 506 (2002)


III.   Did the district court err by concluding Meinen failed to plead facts to support the conclusion that a term, condition, or privilege of Meinen's employment was affected by the hostile work environment?

Proposed response:  Yes

Apposite authorities:

Burlington Industries v. Ellerth, 524 U.S. 742 (1998)

# STATEMENT OF THE CASE

Bi-State is an inter-state compact formed between Missouri and Illinois in 1949, commonly referred to as METRO.  (App. 64; R. Doc. 19, at 1.)  Bi-State provides transportation services to the general-public throughout the St. Louis metropolitan area.  (App. 64; R. Doc. 19, at 1.)  Meinen (Caucasian) began working for Bi-State in 2013.  (App. 65; R. Doc. 19, at 2.)   Meinen worked in Bi-State's Public Safety Department as a Transit Security Specialist ("TSS") Lead.  (App. 65; R. Doc. 19, at 2.)  Meinen worked the night shift.  (App. 65; R. Doc. 19, at 2.)

In early 2021, Meinen began enduring sexual harassment from a female TSS (African-American) working the day shift.  (App. 65; R. Doc. 19, at 2.)  For example, on several occasions this female TSS intentionally rubbed her backside on Meinen.  (App. 65; R. Doc. 19, at 2.)  Meinen reported this to his supervisor, as well as her supervisor.  (App. 65; R. Doc. 19, at 2.)  Shortly thereafter, Meinen was walking in the hallway in civilian attire and, when crossing paths with this same female TSS, she intentionally blocked Meinen's path and said: "you know you look good without clothes on, (pause…) I mean not in uniform."  (App. 65; R. Doc. 19, at 2.)  Meinen immediately told the female TSS's supervisor about this incident. (App. 65; R. Doc. 19, at 2.)  Nonetheless, while all personnel from Meinen's night shift and the female TSS's day shift were gathered together in the squad room, the female TSS proceeded to tell everyone about the incident in the hallway (which she

8

called a "slip up"). (App. 66; R. Doc. 19, at 3.) Meinen then reported the incident, as well as the fact that she had broadcast it to everyone, to his supervisor. (App. 66; R. Doc. 19, at 3.) Several weeks later, again while all personnel from Meinen's night shift and the female TSS's day shift were gathered in the squad room, the female TSS stated to Meinen for everyone to hear: "it's not cheating if it's not in your race." (App. 66; R. Doc. 19, at 3.) Meinen again reported this incident to his supervisor, as well as her supervisor. (App. 66; R. Doc. 19, at 3.) Notwithstanding the numerous complaints/reports of misconduct submitted by Meinen, no investigation was ever conducted by Bi-State regarding any of the complaints/reports. (App. 67; R. Doc. 19, at 4.)

During the same time-period that Meinen was being harassed, specifically March 2021, a separate female TSS (Caucasian) working on a different night shift than Meinen submitted a complaint against another male TSS (Caucasian). (App. 66; R. Doc. 19, at 3.) Unlike Meinen's complaints, this complaint was investigated by Bi-State's EEO department, specifically Amy Krekeler-Weber. (App. 66; R. Doc. 19, at 3.) During the investigation, Krekeler-Weber interviewed Meinen as a potential witness. (App. 66; R. Doc. 19, at 3.) During this interview, Meinen informed Krekeler-Weber of the issues he himself had been enduring. (App. 66; R. Doc. 19, at 3.) Meinen asked Krekeler-Weber what he should do, and she told Meinen to write the harasser up, as Meinen was a Lead TSS. (App. 66; R. Doc. 19,

9

at 3.)  Meinen then prepared a written disciplinary warning to the individual that was harassing him.  (App. 66; R. Doc. 19, at 3.)

On or about May 17, 2021, Meinen was terminated, even though he was qualified in all aspects of his position, and throughout his employment Meinen met the expectations of his position.  (App. 65-67; R. Doc. 19, at 2-4.)  However, Meinen's harasser was not disciplined (and, as noted above, was not even investigated).  (App. 66; R. Doc. 19, at 3.)  Moreover, the decision-makers involved in Meinen's termination were aware of his complaints.  (App. 67; R. Doc. 19, at 4.)

On July 8, 2021, Meinen timely submitted a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), wherein he alleged Bi-State unlawfully discriminated against him based on gender, race, and retaliation.  (App. 65; R. Doc. 19, at 2.)  On January 26, 2022, the EEOC issued its Notice of Right to Sue, and Meinen filed suit in Missouri State Court.  (App. 65; R. Doc. 19, at 2.)

On June 15, 2022, after Bi-State removed the case to federal court, Bi-State filed a Motion to Dismiss and supporting Memorandum.  (App. 9-10 R. Doc. 7, at 1-2.; App. 11-22 R. Doc. 8, at 1-12.)  On August 10, 2022, Meinen, with leave, filed his First Amended Complaint.  (App. 64-72; R. Doc. 19, at 1-9.)  Therein, Meinen set forth four separate counts: Count I is for retaliation, Count II is for gender discrimination, Count III is for race discrimination, and Count IV is for hostile work

environment. (App. 64-72; R. Doc. 19, at 1-9.) In addition, Meinen set forth the following as factual support for his claims:

12. Plaintiff was qualified in all aspects for the TSS position, and throughout his employment Plaintiff met the expectations of a TSS.

13. Plaintiff worked the night shift.

14. In early 2021, Plaintiff endured sexual harassment from a female TSS (African-American) working the day shift.

15. For example, on several occasions this female TSS intentionally rubbed her backside on Plaintiff.

16. Plaintiff reported this to his supervisor, as well as her supervisor.

17. Shortly thereafter, Plaintiff was walking in the hallway in civilian attire and, when crossing paths with this same female TSS, she intentionally blocked Plaintiff's path and said: "you know you look good without clothes on, (pause…) I mean not in uniform."

18. Plaintiff immediately told the female TSS's supervisor about this incident.

19. Nonetheless, while all personnel from Plaintiff's night shift and the female TSS's day shift were gathered together in the squad room, the female TSS proceeded to tell everyone about the incident in the hallway (which she called a "slip up").

11

20. Plaintiff then reported the incident, as well as the fact that she had broadcast it to everyone, to his supervisor.

21. Several weeks later, again while all personnel from Plaintiff's night shift and the female TSS's day shift were gathered in the squad room, the female TSS stated to Plaintiff for everyone to hear: "it's not cheating if it's not in your race."

22. Plaintiff again reported this incident to his supervisor, as well as her supervisor.

23. During the same time period that Plaintiff was being harassed, specifically March 2021, a separate female TSS (Caucasian) working on a different night shift than Plaintiff submitted a complaint against another male TSS (Caucasian).

24. This complaint was investigated by the EEO department, specifically Amy Krekeler-Weber.

25. During the investigation, Krekeler-Weber interviewed Plaintiff as a potential witness.

26. During this interview, Plaintiff informed Krekeler-Weber of the issues he himself had been enduring.

27. Plaintiff asked Krekeler-Weber what he should do, and she told Plaintiff to write the harasser up.

28. Plaintiff then prepared a written disciplinary warning to the individual that was harassing him.

29. Plaintiff asked a fellow TSS Lead, Laquita Lowman, to accompany him when he served the disciplinary warning to his harasser, which she did.

30. Plaintiff's harasser admitted her misconduct, stating she was just joking.

31. To Plaintiff's knowledge, no investigation was ever conducted regarding Plaintiff's allegations against his harasser and no action was ever taken against her, other than the disciplinary warning issued by Plaintiff.

32. On or about May 17, 2021, Plaintiff was terminated based on false or pre-textual reasons.

33. The decision-maker(s) involved in Plaintiff's termination were aware of the previous complaints submitted by Plaintiff.

34. In addition, the male subject of the complaint filed by the female TSS in March 2021 was terminated as a result of the complaints levied against him.

(App. 65-67; R. Doc. 19, at 2-4.)

On August 24, 2022, Bi-State again filed a Motion to Dismiss and

supporting Memorandum, arguing all four counts should be dismissed because, according to Bi-State, Meinen had not pled sufficient underlying facts to support claims for retaliation, gender discrimination, race discrimination or hostile work environment.  (App. 73-75 R. Doc. 20, at 1-2; App. 76-87 R. Doc. 21, at 1-12.)  On September 20, 2022, Meinen filed his Suggestions in Opposition.  (App. 88-93; R. Doc. 24, at 1-6.)

On January 11, 2023, the district court granted Bi-State's Motion to Dismiss.  (App. 104-115 R. Doc. 26, at 1-12; App. 116 R. Doc. 27, at 1.)  In doing so, the district court entered two documents: (i) a Memorandum and Order, and (ii) an Order of Dismissal.  (App. 104-115 R. Doc. 26, at 1-12; App. 116 R. Doc. 27, at 1.)  The district court's analysis was laid out in its Memorandum and Order, which was essentially divided into three sections.  (App. 104-115; R. Doc. 26, at 1-12.)  First, the district court dismissed Count I, the retaliation claim, finding that the temporal proximity between his protected conduct (reports of harassment and issuance of the disciplinary warning to his harasser) and his termination was not close enough to allow an inference of causation.  (App. 107-110; R. Doc. 26, at 4-7.)  Second, the district court dismissed Counts II and III, the gender and race discrimination claims, finding Meinen did not plead sufficient facts to survive the McDonnell-Douglas burden shifting analysis.  (App. 110-112; R. Doc. 26, at 7-9.)  Finally, the district court dismissed Count IV, the hostile work environment claim,

finding that Meinen did not specifically allege how the hostile work environment affected a term, condition, or privilege of his employment. (App. 112-114; R. Doc. 26, at 9-11.)

On February 6, 2023, Meinen filed his Notice of Appeal. (App. 117-118; R. Doc. 28, at 1-2.)

Appellate Case: 23-1242   Page: 16   Date Filed: 04/05/2023 Entry ID: 5261994

## SUMMARY OF THE ARGUMENT

The district court dismissed all four counts asserted by Meinen, finding that Meinen failed to plead sufficient facts to support claims for retaliation, gender discrimination, race discrimination, or hostile work environment. In doing so, the district court ignored key facts alleged by Meinen and essentially treated the motion to dismiss as a motion for summary judgment. These errors resulted in a dismissal, even though, when Meinen's allegations are viewed through the proper lens, it is clear Meinen pled sufficient underlying facts to support all of his claims.

Appellate Case: 23-1242    Page: 17    Date Filed: 04/05/2023 Entry ID: 5261994

# ARGUMENT

**I.** **The district court erred in dismissing Meinen's retaliation claim set forth in Count I, based on its conclusion that Meinen failed to plead sufficient facts to support a finding of causation, because the district court only considered whether the temporal proximity between Meinen's protected conduct and termination was close enough to support an inference of causation and ignored several other factors supporting an inference of causation.**

## A. Standard of Review.

An appellate court reviews a district court's order granting a motion to dismiss de novo. Wilson v. Ark. Dep't of Human Servs., 850 F.3d 368, 371 (8th Cir. 2017). "To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "The complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Wilson, 850 F.3d at 371. A complaint does not require detailed factual allegations, but the plaintiff must establish grounds of his entitlement to relief and do more than set forth a formulaic recitation of the elements of a cause of action. Twombly, 550 U.S. at 555. Finally, the burden is on the movant to establish the complaint is insufficient – in fact, even if the plaintiff violates local rules and does not respond to a Rule 12(b)(6) motion, the majority of federal circuit courts do not allow a district court to dismiss unless it is

17

proven by the movant that the complaint is insufficient. <u>Marcure v. Lynn</u>, 992 F.3d 625 (7th Cir. 2021).

**B.    Meinen Sufficiently Pled a Claim for Retaliation.**

The elements of a retaliation claim under Title VII are well recognized. The plaintiff must show: (i) he engaged in protected conduct, (ii) he suffered an adverse employment action, and (iii) a causal connection exists between the two. <u>Wells v. SCI Mgmt., L.P.</u>, 469 F.3d 697, 702 (8th Cir. 2006).

The first two elements are not in dispute.  Meinen engaged in protected conduct by submitting numerous complaints/reports and by issuing a written disciplinary notice to his harasser.  In addition, Meinen was terminated on May 17, 2021.  As such, the only issue is whether Meinen pled sufficient facts from which causation can be inferred.  In that regard, Meinen must prove but-for causation. <u>Shirrell v. St. Francis Med. Ctr.</u>,793 F.3d 881, 888 (8th Cir. 2015).

Here, Meinen alleged numerous factors that support an inference that his protected conduct was the but-for cause of his termination.  Specifically, Meinen alleged: (i) he started working for Bi-State in 2013, (ii) he was qualified in all aspects for his job, and throughout his employment he met the expectations of his position, (iii) he began enduring sexual harassment from another Bi-State employee in early 2021, (iv) he engaged in protected conduct by making numerous complaints to both his supervisor and the harasser's supervisor, and also by giving his harasser a written

disciplinary notice pertaining to her misconduct towards him, (v) his complaints were ignored by Bi-State, (vi) he was terminated on May 17, 2021, for false and pretextual reasons, and (vii) the individuals that terminated him, i.e., the decisionmakers, were aware of Meinen's complaints. (App. 65-67; R. Doc. 19, at 2-4.)

Notwithstanding the foregoing allegations, the district court determined Meinen failed to sufficiently plead facts to support an inference of but-for causation. In doing so, the district court only addressed whether the temporal proximity between Meinen's protected activity and termination was close enough to support an inference of causation, finding it was not. Even assuming, *arguendo*, that the temporal proximity here is insufficient, the district court's dismissal is still error. Considering the foregoing facts in totality, particularly that Meinen's complaints were ignored by Bi-State and that Meinen was terminated for false and pretextual reasons, Meinen's allegations are sufficient to survive a 12(b)(6) motion to dismiss.[1]

---

[1] The district court seemed to fault Meinen for not specifically alleging the purported reasoning given by Bi-State for terminating him. However, there is no requirement that this information be pled, and this information is irrelevant **at the pleading stage**. Instead, the relevant information at the pleading stage is that Bi-State's purported reasoning is false and pretextual.

Appellate Case: 23-1242    Page: 20    Date Filed: 04/05/2023 Entry ID: 5261994

A 2017 case from this Court is directly on point. In Wilson v. Ark. Dep't of Human Servs., 850 F.3d 368 (8th Cir. 2017), the plaintiff brought several claims, including a retaliation claim. As for causation, the plaintiff alleged she was a "victim of …retaliation, after having complained about discrimination based on race, when she was … ultimately terminated." Id. at 373. This Court held the foregoing allegation was sufficient to state but-for causation in connection with a retaliation claim. Id. Moreover, this Court explained that retaliation claims typically should be addressed during the summary judgment phase, as opposed to the pleading phase. Id. at 372.

The same holds true here. Meinen's allegations are sufficient to state a retaliation claim, even when temporal proximity is not considered. Ultimately, whether or not the evidence will support Meinen's claim should be determined via a summary judgment motion.

**II.** **The district court erred in dismissing Meinen's discrimination claims (both race and gender) set forth in Counts II and III, based on its conclusion that Meinen's pleadings were insufficient under the *McDonnell Douglas* burden-shifting analysis, because the *McDonnell Douglas* burden-shifting analysis is a summary judgment standard that should not be applied to a motion to dismiss.**

**A.** **Standard of Review.**

An appellate court reviews a district court's order granting a motion to dismiss de novo. Wilson, 850 F.3d at 371. "To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim

for relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. "The complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." <u>Wilson</u>, 850 F.3d at 371. A complaint does not require detailed factual allegations, but the plaintiff must establish grounds of his entitlement to relief and do more than set forth a formulaic recitation of the elements of a cause of action. <u>Twombly</u>, 550 U.S. at 555. Finally, the burden is on the movant to establish the complaint is insufficient – in fact, even if the plaintiff violates local rules and does not respond to a Rule 12(b)(6) motion, the majority of federal circuit courts do not allow a district court to dismiss unless it is proven by the movant that the complaint is insufficient. <u>Marcure</u>, 992 F.3d at 625.

### B. Meinen Sufficiently Pled Claims for Discrimination.

Like retaliation, the elements of a discrimination claim under Title VII are well recognized. The plaintiff must show: (i) he is a member of a protected class, (ii) he was qualified for his position, (iii) he suffered an adverse employment action, and (iv) the circumstances give rise to an inference of discrimination. <u>Ring v. First Interstate Mortg., Inc.</u>, 984 F.2d 924, 926 (8th Cir. 1993).

Here, Meinen's discrimination claims are set forth in Counts II and III, which were dismissed by the district court. In dismissing, the district court applied the <u>McDonnell Douglas</u> burden shifting analysis, and ultimately concluded Meinen did not plead sufficient facts to survive this analysis.

Appellate Case: 23-1242    Page: 22    Date Filed: 04/05/2023 Entry ID: 5261994

The district court erred in applying the McDonnell Douglas burden shifting analysis to Counts II and III. It is well settled that the McDonnell Douglas analysis is a summary judgment standard, not a pleading standard. Swierkiewicz v. Soreme, 534 U.S. 506, 510 (2002); see also Blomker v. Jewell, 831 F.3d 1051, 1056 (8th Cir. 2016). Moreover, when the McDonnell Douglas standard is not applied, it is clear Meinen sufficiently pled facts to support both gender discrimination and race discrimination claims. In that regard, Meinen alleges: (i) he complained about harassment he was enduring from an African-American woman, and these complaints were ignored and he was terminated for false reasons, and (ii) complaints made by non-Caucasian males were investigated by Bi-State and the complainant was not terminated. Hence, the district court's dismissal of Counts II and III should be reversed.

**III. The district court erred in dismissing Menien's hostile work environment claim set forth in Count IV, based on its conclusion that Meinen did not state how the hostile work environment affected a term, condition, or privilege of his employment, because the district court ignored several allegations that sufficiently support the conclusion that a term, condition, or privilege of Meinen's employment was affected.**

**A.      Standard of Review.**

An appellate court reviews a district court's order granting a motion to dismiss de novo. Wilson, 850 F.3d at 371. "To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim

22

for relief that is plausible on its face." Twombly, 550 U.S. at 570. "The complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Wilson, 850 F.3d at 371. A complaint does not require detailed factual allegations, but the plaintiff must establish grounds of his entitlement to relief and do more than set forth a formulaic recitation of the elements of a cause of action. Twombly, 550 U.S. at 555. Finally, the burden is on the movant to establish the complaint is insufficient – in fact, even if the plaintiff violates local rules and does not respond to a Rule 12(b)(6) motion, the majority of federal circuit courts do not allow a district court to dismiss unless it is proven by the movant that the complaint is insufficient. Marcure, 992 F.3d at 625.

**B.     Meinen Sufficiently Pled a Claim for Hostile Work Environment.**

Again, the elements of a hostile work environment claim are well established. A plaintiff must show: (i) he belongs to a protected group, (ii) he was subjected to unwelcome harassment, (iii) a causal connection between the harassment and the protected group, (iv) the harassment affected a term, condition, or privilege of employment, and (v) the employer knew or should have known of the harassment and failed to take proper remedial action. Washington v. Board of Regents of University of Minnesota, 998 F.3d 789, 799 (8th Cir. 2021). With regard to the fourth element, there are two types of hostile work environment claims recognized under Title VII. See Burlington Industries v. Ellerth, 524 U.S.

23

742 (1998).  First, Title VII recognizes pure harassment claims, i.e., claims that do not include a discreet discriminatory action (often referred to as a tangible employment action), such as termination or demotion.  Id.  Second, Title VII recognizes dual claims, i.e., claims that include harassment and a discreet discriminatory action.

Here, Meinen's hostile work environment claim is set forth in Count IV. The district court dismissed Court IV, finding that Meinen had failed to sufficiently plead facts supporting the fourth element, i.e., that the harassment affected a term, condition, or privilege of employment.  The district court stated: "[Meinen] only alleges, without specifics, that it 'affected a term, condition, or privilege of employment."  (App. 113; R. Doc. 26, at 10.)  The district court then found: "This is insufficient to survive a motion to dismiss."  (App. 113; R. Doc. 26, at 10.)

Simply put, the district court's conclusion that Meinen failed to plead any facts supporting the allegation that a term, condition, or privilege of employment was affected is incorrect.  Here, Meinen alleged facts to support either type of hostile work environment claim.  Specifically, Meinen pled: "This unwelcome harassment adversely affected Plaintiff's employment, because: (i) it resulted in Plaintiff's termination, and (ii) the hostile work environment made it difficult for Plaintiff to perform his job duties and caused him great emotional distress."  (App. 70; R. Doc. 19, at 7.)

24

## **CONCLUSION**

For all of the foregoing reasons, Appellant respectfully asks the Court to reverse/vacate the district court's Order of Dismissal and remand this matter for further proceedings.

Respectfully submitted,

PONDER ZIMMERMANN LLC

By_____/s/Douglas B. Ponder_____
　　　Douglas Ponder
　　　20 S. Sarah St.
　　　St. Louis, MO 63108
　　　Phone: 314-272-2621
　　　Fax:  314-272-2713

Attorney for Appellant

## <u>CERTIFICATE OF COMPLIANCE</u>

The foregoing brief complies with Fed. R. App. P. 32(a)(7)(B).

Excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), this

brief contains 4939 words.  This brief has been prepared in a proportionally spaced

typeface using Microsoft Office Word in Times New Roman 14 point font.

The undersigned further certifies that the brief and addendum have been

scanned for viruses and are virus-free.

Respectfully submitted,

PONDER ZIMMERMANN LLC

By_____/s/Douglas B. Ponder_____
Douglas Ponder
20 S. Sarah St.
St. Louis, MO 63108
Phone: 314-272-2621
Fax:  314-272-2713


Attorney for Appellant

26

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2022, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system.

Respectfully submitted,

PONDER ZIMMERMANN LLC

By_____/s/Douglas B. Ponder_____
      Douglas Ponder
      20 S. Sarah St.
      St. Louis, MO 63108
      Phone: 314-272-2621
      Fax:  314-272-2713


      Attorney for Appellant

Appellate Case: 23-1242    Page: 28    Date Filed: 04/05/2023 Entry ID: 5261994