**No. 23-1242**

---

**UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**

———————————

MATTHEW MEINEN,
*Plaintiff - Appellant*,

v.

BI-STATE DEVELOPMENT AGENCY,
*Defendant - Appellee*.

---

**Appeal from the United States District Court
for the Eastern District of Missouri, Eastern Division
Case. No. 4:22-cv-00620-JAR**

**Honorable John A. Ross**

———————————

**BRIEF OF APPELLEE**

———————————

Corey L. Franklin, #52066MO
Matthew Banocy, #67219MO
FORDHARRISON, LLP
7777 Bonhomme Avenue, Suite 1710
Clayton, Missouri 63105
Telephone: (314) 257-0300
cfranklin@fordharrison.com
mbanocy@fordharrison.com

*Attorneys for Defendant - Appellee*

# SUMMARY OF THE CASE AND POSITION ON ORAL ARGUMENT

Appellant, Matthew Meinen ("Meinen"), filed this appeal following the district court's judgment dismissing all four causes of action asserted in the First Amended Complaint. At issue in the underlying proceeding was whether Meinen sufficiently pled claims for retaliation, race discrimination, gender discrimination, and hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII"). The district court correctly held Meinen failed to satisfy the pleading requirements made clear in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 554-70 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-87 (2009).

The district court's decision should be affirmed. The First Amended Complaint relies almost entirely on legal conclusions reciting the requisite elements of each claim. The few factual allegations contained therein fail to support and make plausible claims for retaliation, gender discrimination, race discrimination, and hostile work environment under Title VII. Meinen's use of conclusory labels devoid of factual enhancement is exactly the type of pleading the Supreme Court has held cannot survive a motion to dismiss.

Appellee Bi-State Development Agency ("Bi-State") believes this case is straightforward and oral argument is unnecessary. Should this Court decide oral argument is appropriate, Bi-State requests fifteen (15) minutes of oral argument, per party.

Appellate Case: 23-1242    Page: 2    Date Filed: 05/23/2023 Entry ID: 5279845

# TABLE OF CONTENTS

SUMMARY OF THE CASE AND POSITION ON ORAL ARGUMENT ............. i

TABLE OF CONTENTS ........................................................ ii

TABLE OF AUTHORITIES ................................................. iv

STATEMENT OF THE ISSUES ........................................... 1

STATEMENT OF THE CASE ............................................... 2

   I.   FACTUAL BACKGROUND ....................................... 2

   II.   RELEVANT PROCEDURAL HISTORY ..................... 5

SUMMARY OF THE ARGUMENT ...................................... 7

ARGUMENT ................................................................... 8

   I.   Standard of Review ............................................. 8

   II.   The District Court Did Not Err When it Dismissed Meinen's Retaliation Claim Because the Complaint Fails to Allege Sufficient Factual Detail to Establish a Plausible Claim that Meinen's Engagement in a Protected Activity Was the "But-For" Cause of His Termination. .................................................. 10

   III.   The District Court Did Not Err When it Dismissed Meinen's Discrimination Claims Because Meinen Fails to Allege Sufficient Facts to Allow an Inference of Gender or Race Discrimination .................................................. 15

     A.   Meinen Fails to Sufficiently Allege a Claim of Gender Discrimination under Title VII .......................................... 15

     B.   Meinen Fails to Sufficiently Allege a Claim of Race Discrimination under Title VII .......................................... 17

     C.   The District Court Did Not Apply the McDonnell Douglas Evidentiary Burden-Shifting Analysis to Meinen's Gender and Race Discrimination Claims .................................................. 19

   IV.   The District Court Did Not Err When it Dismissed Meinen's Hostile Work Environment Claim Because Meinen Fails to Allege Sufficient Facts to Demonstrate the Alleged Harassment Affected a Term, Condition, or Privilege of Employment. ................................................... 21

     A.   The Complaint Fails to Allege, as a Matter of Law, Harassment Severe and Pervasive Enough to Create an Objectively Hostile Work Environment. . 22

Appellate Case: 23-1242   Page: 3   Date Filed: 05/23/2023 Entry ID: 5279845

B.      Even Assuming *Arguendo*, but Incorrectly, the Allegations Demonstrate an Objectively Hostile Work Environment, the Amended Complaint Fails to Sufficiently Allege that Meinen Subjectively Believed the Alleged Harassment Altered His Working Conditions. ....................................................................26

C.      Meinen Inaccurately Frames the Proper Analysis of a Hostile Work Environment Claim Under Title VII at the Pleading Stage; Therefore, His Reference to *Burlington* Should Be Ignored....................................................27

CONCLUSION ..........................................................................................29

CERTIFICATE OF COMPLIANCE......................................................30

CERTIFICATE OF SERVICE ...............................................................31

Appellate Case: 23-1242     Page: 4      Date Filed: 05/23/2023 Entry ID: 5279845

# TABLE OF AUTHORITIES

*Page(s)*

## Cases

8th Circuit. *See e.g., Wilson*,
   850 F.3d ...........................................................................................................20

*Anderson v. Family Dollar Stores of Ark., Inc.*,
   579 F.3d 858 (8th Cir. 2009) ...................................................................1, 25

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................... 1, 2, 8, 9, 16, 17, 18, 20, 26

*Bennett v. Riceland Foods, Inc.*,
   721 F.3d 546 (8th Cir. 2013) .............................................................10

*Blomker v. Jewell*,
   831 F.3d 1051 (8th Cir. 2016).................................. 1, 8, 9, 20, 21, 22, 23, 24, 25

*Burlington v. Ellerth*,
   524 U.S. 742 (1998) .................................................................. 27, 28

*Erickson v. Pardus*,
   551 U.S. 89 (2007) .........................................................................9

*Evans v. Blanton Constr. Co.*,
   2018 WL 3375092 (E.D. Mo. July 11, 2018), *aff'd*, 770 F. App'x 322 (8th Cir.
   2019)...........................................................................................1, 20

*Fiero v. CSG Sys. Inc.*,
   759 F.3d 874 (8th Cir. 2014) ...............................................................15

*Gage v. Brennan*,
   2018 WL 3105418 (E.D. Mo. June 25, 2018)............................... 1, 12, 15, 17, 19

*Gregory v. Dillard's, Inc.*,
   565 F.3d 464 (8th Cir. 2009) ...........................................................8, 9

*Hager v. Arkansas Dep't of Health*,
   735 F.3d 1009 (8th Cir. 2013) .......................................................1, 21

iv

*Keil v. Select Artificials, Inc.*,
169 F.3d 1131 (8th Cir. 1999) ...............................................................10

*Kipp v. Missouri Highway & Transp. Comm'n.*,
280 F.3d 893 (8th Cir. 2002) .................................................................11

*LeGrand v. Area Res. for Cmty. & Human Servs.*,
394 F.3d 1098 (8th Cir. 2005) ...........................................................1, 25

*McCauley v. Fed. Ins. Co.*,
500 F.3d 784 (8th Cir. 2007) ...................................................................2

*McMiller v. Metro*,
738 F.3d 185 (8th Cir. 2013) ..............................................................1, 25

*Ring v. First Interstate Mortg., Inc.*,
984 F.2d 924 (8th Cir. 1993) ..............................................................8, 9

*Robinson v. American Red Cross*,
753 F.3d 749 (8th Cir. 2014) .................................................................15

*Sanders v. BNSF Railway Co.*,
2019 WL 5448309 (D. Minn. Oct. 24, 2019)........................................1, 11

*Sandoval v. Am. Bldg. Maint. Indus., Inc.*,
578 F.3d 787 (8th Cir. 2009) .................................................................21

*Shirell v. St. Francis Medical Center*,
793 F.3d 881 (8th Cir. 2015) ...................................................................1

*Smith v. Allen Health Systems, Inc.*,
302 F.3d 827 (8th Cir. 2002) ..............................................................1, 11

*Tognozzi v. Mastercard Int'l Inc.*,
2017 WL 2225207 (E.D. Mo. May 22, 2017).........................................10

*Twombly*,
550 U.S. 544 (2007) ..........................................................................8, 9

*Univ. of Tex. Southwestern Med. Ctr. v. Nassar*,
570 U.S. 338 (2013) ............................................................................10

v

*Warmington v. Board of Regents of Univ. of Minn.*,
    998 F.3d 789 (8th Cir. 2021) ....................................................... 8, 21, 22

*Wilson v. Arkansas Dep't of Human Servs.*,
    850 F.3d 368 (8th Cir. 2017) ............................................... 8, 9, 13, 14

## ***Statutes***

42 U.S.C. § 1983 ........................................................................................21

Appellate Case: 23-1242   Page: 7   Date Filed: 05/23/2023 Entry ID: 5279845

# <u>STATEMENT OF THE ISSUES</u>

Bi-State disagrees with the Statement of the Issues as presented by Appellant Meinen and submits the following Statement of the Issues:

1. Did the district court err in dismissing Meinen's Title VII retaliation claim where Meinen failed to allege sufficient facts to establish a plausible claim that his engagement in protected activity was the "but-for" cause of his termination?

   **Apposite authority:**

   - *Smith v. Allen Health Systems, Inc.*, 302 F.3d 827 (8th Cir. 2002);
   - *Sanders v. BNSF Railway Co.*, 2019 WL 5448309 (D. Minn. Oct. 24, 2019);
   - *Gage v. Brennan*, 2018 WL 3105418 (E.D. Mo. June 25, 2018);
   - *Shirell v. St. Francis Medical Center*, 793 F.3d 881 (8th Cir. 2015).

2. Did the district court err in dismissing Meinen's Title VII race and gender discrimination claims where Meinen failed to allege sufficient facts to allow for an inference of race or gender discrimination?

   **Apposite authority:**

   - *Evans v. Blanton Constr. Co.*, 2018 WL 3375092 (E.D. Mo. July 11, 2018), *aff'd*, 770 F. App'x 322 (8th Cir. 2019);
   - *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009 (8th Cir. 2013);
   - *Gage v. Brennan*, 2018 WL 3105418 (E.D. Mo. June 25, 2018);
   - *Ashcroft v. Iqbal*, 556 U.S. 662, 677-87 (2009).

3. Did the district court err in dismissing Meinen's Title VII hostile work environment claim where Meinen failed to allege facts constituting harassment so severe or pervasive as to affect a term, condition, or privilege of employment?

   **Apposite authority:**

   - *Blomker v. Jewell* 831 F.3d 1051 (8th Cir. 2016);
   - *McMiller v. Metro*, 738 F.3d 185 (8th Cir. 2013);
   - *Anderson v. Family Dollar Stores of Ark., Inc.*, 579 F.3d 858 (8th Cir. 2009);
   - *LeGrand v. Area Res. for Cmty. & Human Servs.*, 394 F.3d 1098, 1100–03 (8th Cir. 2005).

1

## STATEMENT OF THE CASE

### I. FACTUAL BACKGROUND[1]

Bi-State hired Appellant Matthew Meinen, a Caucasian male, in 2013. (App. 64-65; R. Doc. 19 at 1-2). At all relevant times, Meinen worked in Bi-State's Public Safety Department and held the position of Transit Security Specialist ("TSS") Lead. (App. 65; R. Doc. 19 at 2). In early 2021, Meinen claims a female (African American) TSS rubbed her backside on Meinen on several occasions. (App. 65; R. Doc. 19 at 2). Meinen reported this to his supervisor, as well as to her supervisor. (App. 65; R. Doc. 19 at 2).

Shortly thereafter, while Meinen was walking in the hallway in civilian attire, the female (African American) TSS said "you know you look good without clothes on … I mean not in uniform." (App. 65; R. Doc. 19 at 2). Meinen reported this incident to the female (African American) TSS's supervisor. (App. 65; R. Doc. 19 at 2). Thereafter, while co-employees were gathered in the squad room, the female (African American) TSS told co-employees about the incident in the hallway, calling it a "slip up." (App. 66; R. Doc. 19 at 3). Meinen reported the incident in the hallway,

---

[1] Bi-State takes the well-pleaded allegations in Meinen's First Amended Complaint as true at this stage in the proceedings. *See, e.g., McCauley v. Fed. Ins. Co.*, 500 F.3d 784, 787 (8th Cir. 2007). This presumption does not extend to conclusory allegations or "legal conclusion[s] couched as a factual allegation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

as well as the female (African American) TSS's subsequent comments to her co-employees, to his supervisor. (App. 66; R. Doc. 19 at 3)

Several weeks later, while her co-employees were gathered in the squad room, the female (African American) TSS stated to Meinen, "it's not cheating if it's not in your race." (App. 66; R. Doc. 19 at 3). Meinen reported this incident to his supervisor, as well as her supervisor. (App. 66; R. Doc. 19 at 3).

In March 2021, a different female (Caucasian) TSS, who worked on a different shift than Meinen, submitted a complaint against a male (Caucasian) TSS. (App. 66; R. Doc. 19 at 3). Meinen's Complaint fails to identify the specific conduct about which the female (Caucasian) TSS complained. (App. 64-72; R. Doc. 19). Amy Krekeler-Weber of Bi-State's EEO department investigated the complaint. (App. 66; R. Doc. 19 at 3). Following the investigation, Bi-State terminated the male (Caucasian) TSS as a result of the complaints made by the female (Caucasian) TSS. (App. 67; R. Doc. 19 at 4).

During the March 2021 investigation, concerning the complaint of the female (Caucasian) TSS against the male (Caucasian) TSS, Krekeler-Weber interviewed Meinen as a potential witness. (App. 66; R. Doc. 19 at 3). Meinen informed Krekeler-Weber about the alleged harassment from the female (African American) TSS. (App. 66; R. Doc. 19 at 3). Krekeler-Weber told Meinen to discipline the female (African American) TSS. (App. 66; R. Doc. 19 at 3). At the direction of

3

Krekeler-Weber, Meinen prepared a written disciplinary warning and issued it to the female (African American) TSS. (App. 66-67; R. Doc. 19 at 3-4).

Upon receipt of the written disciplinary warning, the female (African American) TSS admitted her misconduct and told Meinen she was joking. (App. 67; R. Doc. 19 at 4). To Meinen's knowledge, no investigation was ever conducted regarding his complaints against the female (African American) TSS, and the only discipline action taken against her was the written disciplinary warning he issued. (App. 67; R. Doc. 19 at 4). Meinen does not allege that he suffered any further harassment from the female (African American), or any other Bi-State employee, TSS after raising the issue during the interview with Krekeler Weber in March of 2021. (App. 64-72; R. Doc. 19).

On May 17, 2021, Meinen was terminated. (App. 67; R. Doc. 19 at 4). Meinen alleges his termination was "based on false or pre-textual reasons." (App. 67; R. Doc. 19 at 4). Meinen does not specifically allege the reason for his termination, or the identity of the individual(s) who informed him of his termination, but alleges that the decision-maker(s) involved in his termination were aware of his previous complaints. (App. 67; R. Doc. 19 at 4). Prior to Meinen's termination, his last complaint concerning the Female (African American) TSS' alleged harassment was to Krekeler-Weber in March 2021. (App. 66; R. Doc. 19 at 3).

4

## II. RELEVANT PROCEDURAL HISTORY

Meinen filed a Petition in the Circuit Court of St. Louis City, Missouri on April 21, 2022, asserting four causes of action in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"): retaliation; gender discrimination; race discrimination; and hostile work environment. (App. 1-8; R. Doc. 2 at 1-8). Bi-State removed the case to the United States District Court for the Eastern District of Missouri on June 10, 2022. (R. Doc. 1 at 1-18).

Following removal, Bi-State filed a motion to dismiss the original complaint on June 15, 2022. (App. 9-10; R. Doc. 7 at 1-2); (App. 11-22; R. Doc. 8 at 1-12). In response, Meinen sought leave to file an amended complaint, which was granted by the district court on August 10, 2022. (App. 23-24; R. Doc. 13 at 1-2); (App. 60-63; R. Doc. 18, at 1-4).

The First Amended Complaint contained only three new allegations:

12.    Plaintiff "was qualified in all aspects for the TSS position, and throughout his employment met the expectations of a TSS,"

*** 

33.    "[t]he decision-maker(s) involved in Plaintiff's termination were aware of the previous complaints submitted by Plaintiff,"

***

5

40.    "In addition, but for Plaintiff's opposition to discrimination, Plaintiff would not have been terminated."

(App. 64-72; R. Doc. 19 at 1-9); (App. 60; R. Doc. 18 at 1).

On August 8, 2022, Bi-State filed a Motion to Dismiss the First Amended Complaint in its entirety, and, on January 11, 2023, the district court granted Bi-State's motion. (App. 73-75; R. Doc. 20 at 1-3); (App. 76-87; R. Doc. 21 at 1-12); (App. 94-103; R. Doc. 25 at 1-10); (App. 104-115; R. Doc. 26 at 1-12).

On February 6, 2023, Meinen filed his Notice of Appeal. (App. 117-118; R. Doc. 28 at 1-2).

6

# SUMMARY OF THE ARGUMENT

The district court did not err when it dismissed all four causes of action contained in Meinen's First Amended Complaint. Each of Meinen's claims clearly fail under well-established law:

- Meinen has not alleged any facts to support his unfounded legal conclusion, that his complaints of harassment were the "but-for" cause of his termination – a requisite element of a retaliation claim under Title VII. The temporal proximity between his final complaint and his termination is insufficient, as a matter of law to avoid dismissal, and Meinen alleges no other facts to make plausible his claim of retaliation.

- Meinen has not alleged facts sufficient to give rise to an inference of discrimination based on either gender or race – a requisite element of discrimination claims under Title VII.

- Meinen has not alleged facts to support, his unfounded legal conclusion, that he endured harassment so severe or pervasive as to affect a term, condition, or privilege of his employment – a requisite element of a hostile work environment claim under Title VII.

The district court's judgment dismissing all four of Meinen's causes of action was entirely correct and, therefore, this Court should affirm the district court's decision in its entirety.

# ARGUMENT

## I.    Standard of Review

An appellate court reviews a district court's order granting a motion to dismiss de novo. *Warmington v. Board of Regents of Univ. of Minn.*, 998 F.3d 789, 795 (8th Cir. 2021). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible where the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *Wilson v. Arkansas Dep't of Human Servs.*, 850 F.3d 368, 371 (8th Cir. 2017) (quoting *Blomker v. Jewell*, 831 F.3d 1051, 1055 (8th Cir. 2016)). This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (the plausibility standard is not akin to a "probability requirement"). The complaint must give the defendant, "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Ring v. First Interstate Mortg., Inc.*, 984 F.2d 924, 928 (8th Cir. 1993) (citation omitted).

While a plaintiff "need not set forth 'detailed factual allegations,' or 'specific facts' that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (quoting

*Twombly*, 550 U.S. at 555; and *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555. Legal conclusions "must be supported by factual allegations." *Id.* at 679. A district court, therefore, is "not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint." *Gregory*, 565 F.3d at 473 (internal quotations omitted).

At the pleading phase, a plaintiff need not plead facts establishing a *prima facie* case for their Title VII claim. *See Wilson*, 850 F.3d at 372; *Ring*, 984 F.2d at 927. However, the "elements of the *prima facie* case are [not] irrelevant to a plausibility determination in a discrimination suit." *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) (alteration in original) (citation omitted). The elements are "part of the background against which a plausibility determination should be made." *Id.* (internal quotations omitted). The elements of a *prima facie* case "may be used as a prism to shed light upon the plausibility of the claim." *Id.* (citation omitted). Through this prism, the complaint "*must include sufficient factual allegations to provide the grounds on which the claim rests.*" *Id.* (emphasis in original) (quoting *Gregory*, 565 F.3d at 473).

9

**II.** **The District Court Did Not Err When it Dismissed Meinen's Retaliation Claim Because the Complaint Fails to Allege Sufficient Factual Detail to Establish a Plausible Claim that Meinen's Engagement in a Protected Activity Was the "But-For" Cause of His Termination.**

To state a claim for retaliation in violation of Title VII, Meinen must demonstrate that he: (1) engaged in a statutorily protected activity; (2) suffered an adverse employment action; and (3) the protected conduct was the but-for cause of the adverse action. *Bennett v. Riceland Foods, Inc.* 721 F.3d 546, 551 (8th Cir. 2013) (citing *Univ. of Tex. Southwestern Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013) ("The text, structure, and history of Title VII demonstrate that a plaintiff making a retaliation claim under § 2000–3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer.")).

Meinen's Title VII retaliation claim is deficient with respect to the third element, because he fails to allege any facts to establish a plausible claim that his engagement in a protected activity was the "but-for" cause of his termination. To make such a showing, "'[g]enerally, more than a temporal connection between the protected conduct and the adverse employment action is required....'" *Tognozzi v. Mastercard Int'l Inc.*, 2017 WL 2225207, at *5 (E.D. Mo. May 22, 2017) (quoting *Keil v. Select Artificials, Inc.*, 169 F.3d 1131, 1136 (8th Cir. 1999)). Where a plaintiff "sets forth additional facts that strengthen the inference of a causal link," though, his complaint is sufficiently pleaded. *Tognozzi*, 2017 WL 2225207, at *5.

10

First, as the district court correctly held, temporal proximity in this case alone, without additional factual allegations, prohibits an inference of causation. The interval between Meinen's alleged final complaint to the EEO Investigator and his termination was approximately two months. (App. 109; R. Doc. 26 at 6). This two-month gap renders the complaint too attenuated, without more, to plausibly state a claim for retaliation under Title VII. *See, e.g., Kipp v. Missouri Highway & Transp. Comm'n.*, 280 F.3d 893, 897 (8th Cir. 2002) ("Here, the interval of two months between the complaint and Ms. Kipp's termination so dilutes any inference of causation that we are constrained to hold as a matter of law that the temporal connection could not justify a finding in Ms. Kipp's favor on the matter of causal link."); *Smith v. Allen Health Systems, Inc.*, 302 F.3d 827, 835-36 (8th Cir. 2002) (noting that a two month temporal gap "hurts" the plaintiff, "rather than helping her"); *Sanders v. BNSF Railway Co.*, 2019 WL 5448309, at *14 (D. Minn. Oct. 24, 2019) (finding the temporal gap between "mid-March" and April 29 too attenuated to support an inference of retaliation).

Second, as the district court correctly held, the First Amended Complaint fails to include any additional factual allegations that would otherwise support an inference that Meinen's protected activity was the but-for cause of his termination. (App. 109-110; R. Doc 26 at 6-7). Meinen alleges he reported the harassment of a female co-employee to two supervisors. (App. 65-66; R. Doc. 19 at 2-3). Meinen

11

further alleges "his opposition to discrimination was a motivating factor in Bi-State's decision to terminate his employment" and that "the decision-maker(s) involved in [Meinen's] termination were aware of the previous complaints submitted by [Meinen]. (App. 67; R. Doc. 19 at 4). Importantly, however, Meinen does not identify the two supervisors he allegedly complained to by name or job title, the reason for his termination, or the identity of the individual(s) who terminated his employment. (App. 64-72; R. Doc. 19 at 1-9). Instead, Meinen conclusory alleges he "was terminated based on false or pretextual reasons." (App. 67; R. Doc. 19 at 4). Absent any allegations regarding why Meinen was terminated or the identity of the individual who terminated his employment, the Court cannot infer Meinen's complaints were the "but-for" cause of Bi-State's decision to terminate his employment. *Gage v. Brennan*, 2018 WL 3105418, at *7 (E.D. Mo. June 25, 2018). Accordingly, the district court's dismissal of Meinen's retaliation claim should be affirmed.

On appeal, Meinen argues that the district court's decision should be overturned for two reasons. First, Meinen argues the district court erred by only considering whether the temporal proximity between Meinen's protected activity and termination was close enough to support an inference of causation. (Appellant's Principal Brief, April 5, 2023 ("Appellant's Br.") at 19). This is untrue. After holding the temporal proximity at issue was too large and attenuated to support an inference

Appellate Case: 23-1242    Page: 19    Date Filed: 05/23/2023 Entry ID: 5279845

of discrimination, the district court concluded, "and Meinen does not provide additional factual support from which the Court can infer that his protected activity was the but-for cause of his termination." (App. 109; R. Doc 26 at 6).

Second, Meinen argues this Court's holding in *Wilson v. Arkansas Dep't of Social Services*, demonstrates his allegations are sufficient to state a claim for retaliation, even if temporal proximity is not considered. (Appellant's Br. at 20). In doing so, Meinen misconstrues the Court's holding in *Wilson*, arguing that he only needs to allege he was terminated after complaining of discrimination, to satisfy the but-for causation standard of a retaliation claim. (Appellant's Br. at 20). However, Meinen's argument is misleading and incorrect.

In *Wilson*, after viewing the complaint as a whole, the Court found the plaintiff properly alleged "but-for" causation. *Wilson*, 850 F.3d at 373. Critical to the Court's analysis regarding the element of causation, was the six-week temporal proximity between the plaintiff's filing of an EEOC charge and her termination, as well of the series of events that occurred during that time period:

- Wilson filed a charge of discrimination with the EEOC on September 8, 2014.

- Three weeks later, Wilson was placed on a Performance Improvement Plan (PIP).

- The next week, Wilson received a written warning for work that a Caucasian female employee did not accomplish.

- Wilson was terminated on October 22, six weeks after filing the EEOC charge.

*Id.* at 371. Thus, within six weeks of engaging in a protected activity, Wilson was placed on a performance improvement plan, received a written warning, and was terminated. The Court concluded: "On the allegations here, the six-week period between the EEOC charge and the termination plausibly alleges a but-for causal connection." *Id*. at 373. Accordingly, even a cursory reading of *Wilson*, demonstrates that the temporal proximity was a central part of the Court's holding.

Aside from incorrectly claiming the *Wilson* court found "but-for" causation without considering temporal proximity, *Wilson* addressed facts distinguishable from what Meinen alleged. Unlike the six-week proximity at issue in *Wilson,* the temporal proximity between Meinen's alleged final complaint to the EEO Investigator and his termination was approximately two months. Although the difference in temporal proximity, on its face, may seem innocuous, what occurred in the interim distinguishes this case from *Wilson.* Wilson cited two distinct tangible employment actions that occurred between the filing of her charge and her termination. Meinen does not allege that he suffered any form of negative treatment during the time between his final complaint, or even his first complaint, and his termination. To state another way, Meinen fails to allege any facts to connect his alleged harassment complaints to his termination, to otherwise raise an inference of

14

retaliatory treatment. Therefore, *Wilson* does nothing to further Meinen's position on appeal and the district court's decision should be affirmed.

### III. The District Court Did Not Err When it Dismissed Meinen's Discrimination Claims Because Meinen Fails to Allege Sufficient Facts to Allow an Inference of Gender or Race Discrimination.

Meinen alleges Bi-State's reason for terminating him was false or pretextual, thus basing his gender and race discrimination claims on indirect evidence. Without direct evidence, a plaintiff establishes a *prima facie* case of discrimination by showing: (1) he belongs to a protected group; (2) he was qualified for his former job; (3) he suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination (for example, similarly situated employees outside the protected class were treated differently). *Gage* 2018 WL 3105418, at \*4 (citing *Fiero v. CSG Sys. Inc.*, 759 F.3d 874, 878 (8th Cir. 2014); *See also Robinson v. American Red Cross*, 753 F.3d 749, 754 (8th Cir. 2014). As the district court correctly held, Meinen failed to allege sufficient facts or circumstances to give rise to an inference of discrimination based on either gender or race. (App. 112; R. Doc. 26 at 9). Accordingly, the district court's decision on Count's II and III should be affirmed.

#### A. Meinen Fails to Sufficiently Allege a Claim of Gender Discrimination under Title VII.

In support of his gender discrimination claim, Meinen alleges: (1) he is a male (App. 64; R. Doc. 19 at 1); (2) Bi-State terminated him based on false or pre-textual

reasons (App. 67; R. Doc. 19 at 4); (3) his gender was a motivating factor in his termination (App. 68; R. Doc. 19 at 5); and (4) "upon information and belief, [Bi-State] has a pattern of terminating male employees while not terminating female employees based on similar conduct/allegations and/or less severe conduct/allegations." (App. 68; R. Doc. 19 at 5). Aside from pleading he is a member of a protected class (male), the remaining allegations in support of Meinen's gender discrimination claim are legal conclusions, devoid of any factual allegations, which the Court is not bound to accept as true. *Iqbal*, 556 U.S. at 678.

Setting aside the legal conclusions, Meinen's allegations are deficient with respect to the fourth element of his Title VII gender discrimination claim. Meinen fails to allege any facts or circumstances giving rise to an inference of discrimination based on his gender. Meinen alleges a separate female TSS filed a complaint against another male TSS and the male was subsequently terminated. (App. 66; R. Doc. 19 at 3); (App. 67; R. Doc. 19 at 4). Meinen further alleges "he was terminated for pre-textual reasons, whereas [Meinen]'s complaints against a female coworker were entirely ignored and she was not disciplined in any fashion." (App. 68; R. Doc. 19 at 5).[2]

---

[2] The allegations in the Complaint demonstrate this is not true. After Meinen reported the alleged harassment to Amy Krekeler-Weber, she instructed Meinen to issue the female TSS a written disciplinary warning, which he did. (App. 66-67; R. Doc. 19 at 3-4).

However, as the district court correctly held, these allegations are completely devoid of factual detail to allow an inference of discrimination based on Meinen's gender or allegedly unequal treatment. (App. 111-112; R. Doc. 26 at 8-9). Meinen did not plead any facts regarding the female TSS's complaint against the male TSS or the reason the male TSS was terminated. Finally, Meinen did not even plead the reason for his own termination – only that it was pre-textual and false. (App. 67; R. Doc. 19 at 4). The conclusory allegation that two male employees were terminated, without any further details regarding the circumstances, does not give rise to an inference of discrimination based on unequal treatment. *Gage* 2018 WL 3105418, at *5. Meinen must allege more than "threadbare recitals" of the elements of a discrimination claim to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

**B. Meinen Fails to Sufficiently Allege a Claim of Race Discrimination under Title VII.**

In support of his claim of race discrimination, Meinen alleges: (1) he is Caucasian (App. 64; R. Doc. 19 at 1); (2) Bi-State terminated him based on false or pre-textual reasons (App. 67; R. Doc. 19 at 4); (3) his race was a motivating factor in his termination (App. 68; R. Doc. 19 at 5); and (4) "upon information and belief, [Bi-State] has a pattern of terminating Caucasian employees while not terminating non-Caucasian employees based on similar conduct/allegations and/or less severe

17

conduct/allegations." (App. 68; R. Doc. 19 at 5).[3] Aside from pleading he is a member of a protected class (Caucasian), the remaining allegations in support of Meinen's race discrimination claim are legal conclusions, devoid of any factual allegations, which the Court is not bound to accept as true. *Iqbal*, 556 U.S. at 678.

Meinen's allegations are deficient with respect to the fourth element of a Title VII race discrimination claim. Presumably to support an inference of discrimination, Meinen alleges, "he was terminated for pre-textual reasons, whereas [Meinen]'s complaints against an African-American coworker were entirely ignored and she was not disciplined in any fashion"[4] and "upon information and belief, [Bi-State] has a pattern of terminating Caucasian employees while not terminating non-Caucasian employees based on similar conduct/allegations and/or less severe conduct/allegations." (App. 69; R. Doc. 19 at 6). Again, Meinen does not plead the reason for his termination – only that it was pre-textual and false. (App. 67; R. Doc. 19 at 4). Absent circumstances giving rise to his termination, Meinen's conclusory

---

[3] Further, in Meinen's Appellate brief, he falsely claims that he alleged, "complaints made by non-Caucasian males were investigated by Bi-State and the complainant was not terminated." (Appellant's Br. at 22). Importantly, however, this allegation is not contained anywhere in the Complaint, nor does it make any sense, and only furthers Bi-State's position that Meinen's claims are improperly pled and wholly without merit. The only complaint he alleges was from a female TSS (Caucasian) against a male TSS (Caucasian). (App. 66; R. Doc. 19 at 3).

[4] The allegations in the Complaint demonstrate this allegation to be untrue, as Meinen himself issued the alleged harasser a written disciplinary warning at the direction of EEO investigator Amy Krekeler-Weber. (App. 66-67; R. Doc. 19 at 3-4).

18

allegations that non-Caucasian employees were treated more favorably, without any further detail regarding the circumstances, does not give rise to an inference of discrimination based on unequal treatment. *Gage* 2018 WL 3105418, at *6.

### C. The District Court Did Not Apply the McDonnell Douglas Evidentiary Burden-Shifting Analysis to Meinen's Gender and Race Discrimination Claims.

Meinen argues that the district court improperly analyzed his gender and race discrimination claims by applying the *McDonnell Douglas* evidentiary burden-shifting standard as a pleading standard. (Appellant's Br. at 21-22). This argument is belied by the district court's opinion.

The district court correctly observed that the elements of a *prima facie* case are an evidentiary standard, not a pleading requirement. (App. 106-107; R. Doc. 26 at 3-4) (recognizing that, "at the pleading phase, a plaintiff need not plead facts establishing a prima facie case for their Title VII claim"). At the same time, the district court noted that the "elements of the prima facie case are [not] irrelevant to a plausibility determination in a discrimination suit" because they are "part of the background against which a plausibility determination should be made" – plausibility, of course, being the touchstone of a well-pleaded complaint under *Iqbal* and *Twombly*. (App. 107; R. Doc. 26 at 4). Contrary to Meinen's contention, the district court did not hold Meinen to the *McDonnell Douglas* evidentiary standard at the pleading phase, but used the standard as a helpful tool for determining whether

19

Meinen stated claims for gender and race discrimination upon which relief could be granted, in accordance with binding precedent from the 8th Circuit. *See e.g., Wilson*, 850 F.3d at 796; and *Blomker* 831 F.3d at 1056.

The district court correctly held that "Meinen has not alleged circumstances that give rise to an inference of [gender or race] discrimination…" (App. 112; R. Doc. 26 at 9). In reaching this conclusion, the district court explained that Meinen must allege more than the "threadbare recitals" of the elements of a discrimination claim to survive a motion to dismiss. (App. 111; R. Doc. 26 at 8) (citing *Iqbal*, 556 U.S. at 678. The district court further explained that Meinen's unsupported statements – that he was terminated for "pretextual" reasons, or that his race or sex were "motivating factors" in his termination – were insufficient to survive a motion to dismiss. (App. 111; R. Doc. 26 at 8). Finally, the district court correctly held that Meinen failed to allege sufficient facts regarding allegedly similarly situated individuals to otherwise raise an inference of discrimination based on disparate treatment. (App. 111-112; R. Doc. 26 at 8-9).

Simply put, the district court did not hold Meinen to the *McDonnell Douglas* evidentiary standard and was correct in dismissing Meinen's gender and race discrimination claims as a matter of law. *See Evans v. Blanton Constr. Co.*, 2018 WL 3375092, at *5 (E.D. Mo. July 11, 2018), *aff'd*, 770 F. App'x 322 (8th Cir. 2019) (dismissing plaintiff's complaint because it failed to make any factual allegations

supporting a plausible [discrimination] claim); *see also Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1015 (8th Cir. 2013) (holding the district court erred by denying a motion to dismiss a gender discrimination claim under 42 U.S.C. § 1983 where the plaintiff made only conclusory assertions of discrimination and of being treated differently from similarly situated employees; finding the allegations" fail[ed] to give [the defendant] fair notice of the claim and the ground upon which it rests" and "fail[ed] to raise a right to relief above the speculative level").

IV. **The District Court Did Not Err When it Dismissed Meinen's Hostile Work Environment Claim Because Meinen Fails to Allege Sufficient Facts to Demonstrate the Alleged Harassment Affected a Term, Condition, or Privilege of Employment.**

To establish a sexual harassment claim based on a hostile environment, Meinen must show: (1) he belongs to a protected group; (2) he was subject to unwelcome harassment; (3) a casual nexus exists between the harassment and the protected group status; (4) **the harassment affected a term, condition, or privilege of employment**; and (5) his employer knew or should have known of the harassment and failed to take proper action. *Warmington*, 998 F.3d at 799 (citing *Blomker*, 831 F.3d at 1056)

The fourth element – the harassment affected a term, condition, or privilege of employment – involves "both objective and subjective components." *Blomker*, 831 F.3d at 1056, quoting *Sandoval v. Am. Bldg. Maint. Indus., Inc.*, 578 F.3d 787, 801 (8th Cir. 2009). At the pleading phase, the court must determine whether the

21

alleged harassment is "severe or pervasive enough to create an objectively hostile or abusive work environment and the victim must subjectively believe [his] working conditions have been altered." *Warmington,* at 799 (quoting *Blomker*, 831 F.3d at 1056). As the district court correctly held, the allegations in the First Amended Complaint fail to establish both the objective and subjective component of a properly pled hostile work environment claim. (App. 112-113; R. Doc. 26 at 9-10).

**A.** **The Complaint Fails to Allege, as a Matter of Law, Harassment Severe and Pervasive Enough to Create an Objectively Hostile Work Environment.**

To determine whether a complaint alleges an objectively hostile work environment, the court looks at the "totality of the circumstances." *Warmington*, 998 F.3d at 799 (quoting *Blomker*, 831 F.3d at 1057). The court may consider circumstances such as the "frequency and severity of the discriminatory conduct," whether the conduct was "physically threatening or humiliating, as opposed to a mere offensive utterance," and whether the "conduct unreasonably interfered with the employee's work performance." *Id*. (citations omitted). A hostile work environment claim must allege more "than a few isolated incidents." *Id*. (citation omitted). The alleged harassment "must be so intimidating, offensive, or hostile that it poisoned the work environment." *Id*. (citation omitted).

Meinen's sexual harassment claim based on hostile work environment is predicated on the discrete actions of a female (African American) TSS occurring

over a short period of time in early 2021. Meinen alleges the female (African American) TSS: (1) intentionally rubbed her backside on Meinen on several occasions (App. 65; R. Doc. 19 at 2); (2) stated "you know you look good without clothes on … I mean not in uniform" when Meinen was wearing civilian attire at work (App. 65; R. Doc. 19 at 2); told co-workers about the comment, referring to it as a "slip up" (App. 66; R. Doc. 19 at 3); and stated to Meinen for everyone to hear, "it's not cheating if it's not in your race" (App. 66; R. Doc. 19 at 3). Even accepting as true the factual allegations cited above, Meinen's Complaint fails to allege harassment so severe or pervasive to satisfy the objectively high threshold for a sexual harassment claim based on hostile work environment. *Blomker*, 831 F.3d at 1057.

For example, in *Blomker* this Court affirmed the district court's dismissal of a sexually hostile work environment claim due to the plaintiff's failure to plausibly allege an entitlement to relief. *Blomker*, 831 F.3d 1051. The *Blomker* court acknowledged "[t]he Supreme Court has cautioned courts to be alert for workplace behavior that does not rise to the level of actionable harassment." *Id.* at 1056-57 (citation omitted). For that reason, "[t]he standards for a hostile environment are demanding, and conduct must be extreme and not merely rude or unpleasant to affect the terms and conditions of employment." *Id.* at 1057 (internal quotations omitted) (citations omitted). The *Blomker* court articulated the high pleading standard that a

Appellate Case: 23-1242    Page: 30    Date Filed: 05/23/2023 Entry ID: 5279845

plaintiff must satisfy to comply with the demanding hostile work environment

standard as follows:

> More than a few isolated incidents are required, and the alleged harassment must be so intimidating, offensive, or hostile that it poisoned the work environment. The Supreme Court often has made the point that simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment. In fact, the Supreme Court implores lower courts to apply the demanding harassment standards to *filter out complaints* attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing.

*Id.* (emphasis in original) (quotations and citation omitted).

In *Blomker*, the plaintiff alleged seven incidents of harassment by two men

over nearly a three year period, including, but not limited to: coworker #1 walking

up and standing extremely close to plaintiff with a smirk on his face while having

an erection; coworker #1 moving his finger toward a button on plaintiff's shirt,

stopping approximately three inches from putting his finger between her breasts,

stating with a smirk "I can put a button right there"; coworker #2 picking at the seam

located in the crotch of his pants – his legs spread apart 180 degrees while [plaintiff]

was having a conversation with him;" and coworker #2 having an erection while

speaking with plaintiff. *Id.* at 1054-55. Conceding that the behavior alleged "might

have been vile or inappropriate," the *Blomker* court concluded, as a matter of law,

Appellate Case: 23-1242     Page: 31     Date Filed: 05/23/2023 Entry ID: 5279845

the facts alleged in the complaint did not rise to the level of actionable sexual harassment. *Id.* at 1058.

This Court consistently rejects hostile work environment claims premised upon facts more egregious than the conduct at issue in this case. *See e.g. McMiller v. Metro*, 738 F.3d 185, 188 (8th Cir. 2013) (holding that male supervisor's inappropriate behavior toward female state employee was not sufficiently severe or pervasive so as to alter terms and conditions of her employment where supervisor kissed employee on two occasions, placed his arms around her or attempted to do so three times, and requested that she remove an ingrown hair near his chin); *Anderson v. Family Dollar Stores of Ark., Inc.*, 579 F.3d 858, 862 (8th Cir. 2009) (holding evidence insufficient to establish a hostile work environment claim where supervisor rubbed employee's back and shoulders, called her "baby doll," "accus[ed] her of not wanting to be 'one of [his] girls,'" suggested in a long-distance phone call "that she should be in bed with him," and "insinuat[ed] that she could go farther in the company if she got along with him"); *LeGrand v. Area Res. for Cmty. & Human Servs.*, 394 F.3d 1098, 1100–03 (8th Cir. 2005) (holding a plaintiff asserting a harasser asked him to watch pornographic movies and to masturbate together, suggested that the plaintiff would advance professionally if the plaintiff caused the harasser to orgasm, kissed the plaintiff on the mouth, "grabbed" the plaintiff's

Appellate Case: 23-1242     Page: 32     Date Filed: 05/23/2023 Entry ID: 5279845

buttocks, "brush[ed]" the plaintiff's groin, "reached for" the plaintiff's genitals, and "briefly gripped" the plaintiff's thigh, had not established actionable harassment).

**B. Even Assuming *Arguendo*, but Incorrectly, the Allegations Demonstrate an Objectively Hostile Work Environment, the Amended Complaint Fails to Sufficiently Allege that Meinen Subjectively Believed the Alleged Harassment Altered His Working Conditions.**

In support of the subjective component of the hostile work environment claim, Meinen alleges: (1) the hostile work environment made it difficult for Meinen to perform his job duties; (2) The hostile work environment caused Meinen great emotional distress; and (3) Meinen believed his work environment was hostile and abusive. (App. 70-71; R. Doc. 19 at 7-8). Each of Meinen's allegations regarding the subjective component of a hostile work environment claim are legal conclusions, devoid of any factual allegations, which the Court is not bound to accept as true. *Iqbal*, 556 U.S. at 678. As the district court correctly held:

> Meinen provides no factual allegations describing how or whether his working conditions were altered as a result of harassment. Instead, he only alleges, without specifics, that it "affected a term, condition, or privilege of his employment."

(App. 113; R. Doc. 26 at 10). Accordingly, even assuming *arguendo*, but incorrectly, this Court finds the First Amended Complaint adequately alleges an objectively hostile work environment, the district court's judgment should be affirmed because

Meinen fails to allege his alleged harassment affected a term, condition, or privilege of employment.

### C. Meinen Inaccurately Frames the Proper Analysis of a Hostile Work Environment Claim Under Title VII at the Pleading Stage; Therefore, His Reference to *Burlington* Should Be Ignored.

To convince this Court he has properly pled a hostile work environment claim, Meinen unpersuasively cites to *Burlington v. Ellerth*, 524 U.S. 742 (1998). (Appellant's Br. at 23-24). *Burlington* does not stand for the proposition that Meinen urges this Court to adopt – that pleading termination following a complaint of sexual harassment, standing alone – demonstrates he properly pled a claim for hostile work environment. (Appellant's Br. at 24).

Referencing *Burlington*, Meinen argues, "First, Title VII recognizes pure harassment claims, *i.e.*, claims that do not include a discre[te] discriminatory action (often referred to as a tangible employment action), such as termination or demotion… Second, Title VII recognizes dual claims, *i.e.*, claims that include harassment and a discre[te] discriminatory action." (Appellant's Br. at 24) (alterations from original) (citations omitted). After misconstruing this Court's holding in *Burlington*, Meinen still fails to explain how his misconception of *Burlington's* holding furthers his position in any way. It does not.

*Burlington* examined the distinction between a *quid pro quo* sexual harassment claim and hostile work environment claim in the context of vicarious

27

liability. *Id*. at 752-53. In delineating the two different types of claims, *Burlington* held an employment decision (*i.e.*, termination) is **only** relevant for *quid pro quo* harassment cases, where a plaintiff proves a tangible employment action resulted directly from a refusal to, "submit to a **supervisor's** sexual demands". *Id.* at 753-54 (emphasis added). However, "[f]or any [hostile work environment claim based on] sexual harassment preceding the employment decision to be actionable … the conduct **must be** severe or pervasive." *Id*. at 754.

Here, it appears Meinen references *Burlington* to convince this Court – that, because he was ultimately terminated – the district court erred in finding his allegations of harassment did not plausibly alter the terms, conditions or privileges of his employment. However, *Burlington* made clear, termination is only relevant in *quid pro quo* harassment claims. Like the plaintiff in *Burlington*, Meinen does not, and cannot, allege *quid pro quo* harassment. He was a supervisor, allegedly harassed by his subordinate. Even more importantly, Meinen never alleges he was terminated because he refused to succumb to the subordinate harasser's conduct. Therefore, Meinen's termination cannot be used to demonstrate, the alleged harassment, affected a term, condition, or privilege of employment. *Burlington,* at 753-754.

As the district court correctly held, the allegations contained in the First Amended Complaint fail to allege harassment so severe or pervasive as to, objectively or subjectively, alter the terms, conditions, or privileges of Meinen's

Appellate Case: 23-1242    Page: 35    Date Filed: 05/23/2023 Entry ID: 5279845

employment. Neither the allegations in the First Amended Complaint, nor the arguments raised on appeal, demonstrate that Meinen has sufficiently alleged facts to establish a plausible claim regarding requisite element number four of his *prima facie* case for hostile work environment. Accordingly, the district court's dismissal of Count IV should be affirmed.

## CONCLUSION

For the above reasons, Appellee Bi-State respectfully requests the Court affirm the district court's Order of Dismissal.

Respectfully Submitted,


/s/     *Corey Franklin*
Corey L. Franklin, #52066MO
Matthew Banocy, #67219MO
FORDHARRISON, LLP
7777 Bonhomme Avenue, Suite 1710
Clayton, Missouri 63105
Telephone: (314) 257-0300
cfranklin@fordharrison.com
mbanocy@fordharrison.com

*Attorneys for Defendant - Appellee*

29

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the length limitations of Fed. R. App. P. 32(a)(7) because, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), it does not exceed 30 pages and contains 7,108 words.

2.      This brief complies with the typeface and typestyle requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in 14 point Times New Roman font.

3.      The electronic version of Appellant's brief has been scanned for viruses and is virus-free in accordance with Eighth Circuit Local Rule 28A(h)(2).

Respectfully Submitted,

/s/      *Corey Franklin*
Corey L. Franklin, #52066MO
Matthew Banocy, #67219MO
FORDHARRISON, LLP
7777 Bonhomme Avenue, Suite 1710
Clayton, Missouri 63105
Telephone: (314) 257-0300
cfranklin@fordharrison.com
mbanocy@fordharrison.com

*Attorneys for Defendant - Appellee*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 22nd day of May 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system upon the following counsel of record:

Douglas B. Ponder, Esq.
Jaclyn M. Zimmermann, Esq.
PONDER ZIMMERMANN LLC
20 Sarah Street
St. Louis, MO 63108
dbp@ponderzimmermann.com
jmz@ponderzimmerman.com

*Attorneys for Plaintiff-Appellant*

/s/    *Corey Franklin*

31