No. 23-1242

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

Matthew Meinen,
Plaintiff-Appellant,

vs.

Bi-State Development Agency,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Missouri (St. Louis)
Case. No. 4:22-cv-00620-JAR
The Honorable John A. Ross, United States District Judge

## REPLY BRIEF OF APPELLANT

Douglas Ponder
PONDER ZIMMERMANN LLC
20 S. Sarah St.
St. Louis, MO 63108

ATTORNEYS FOR APPELLANT

# **TABLE OF CONTENTS**

Table of Contents ........................................................................................... 1

Table of Authorities ....................................................................................... 2

Argument........................................................................................................ 3

    I.      Meinen Sufficiently Pled a Claim for Retaliation ............................. 3

    II.     Meinen Sufficiently Pled Claims for Discrimination........................ 5

    III.    Meinen Sufficiently Pled a Claim for Hostile Work Environment... 6

Conclusion ..................................................................................................... 8

Certificate of Compliance .............................................................................. 9

Certificate of Service ................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

Blomker v. Jewell, 831 F.3d 1051 (8th Cir. 2016) ............................................. 8

Burlington Industries v. Ellerth, 524 U.S. 742 (1998) ..................................... 6, 7

McDonnell Douglas Corp. v. Green,
411 U.S. 792 (1973) ......................................................................................... 5

Ring v. First Interstate Mortg., Inc., 984 F.2d 924 (8th Cir. 1993) .................... 5

Shirrell v. St. Francis Med. Ctr., 793 F.3d 881 (8th Cir. 2015) ......................... 4

Washington v. Board of Regents of University of Minnesota,
998 F.3d 789 (8th Cir. 2021) ............................................................................ 6

Wells v. SCI Mgmt., L.P., 469 F.3d 697 (8th Cir. 2006) ................................... 4

Wilson v. Ark. Dep't of Human Servs.,
850 F.3d 368 (8th Cir. 2017) ........................................................................ 4, 5

# ARGUMENT

## I. Meinen Sufficiently Pled a Claim for Retaliation.

As set forth more thoroughly in the original Brief of Appellant, the trial court erred in dismissing Appellant's claim for retaliation in violation of Title VII, Count I, because Appellant sufficiently pled a claim for retaliation.

The elements of a retaliation claim under Title VII are well recognized. The plaintiff must show: (i) he engaged in protected conduct, (ii) he suffered an adverse employment action, and (iii) a causal connection exists between the two. Wells v. SCI Mgmt., L.P., 469 F.3d 697, 702 (8th Cir. 2006); Shirrell v. St. Francis Med. Ctr.,793 F.3d 881, 888 (8th Cir. 2015).

Bi-State argues that Appellant has pled no facts that show "but-for" causation. But Meinen has alleged numerous factors that support an inference that his protected conduct was the but-for cause of his termination. Specifically, Meinen alleged: (i) he started working for Bi-State in 2013, (ii) he was qualified in all aspects for his job, and throughout his lengthy employment he met the expectations of his position, (iii) he began enduring sexual harassment from another Bi-State employee in early 2021, (iv) he engaged in protected conduct by making numerous complaints to both his supervisor and the harasser's supervisor, and also by giving his harasser a written disciplinary notice pertaining to her misconduct towards him, (v) his complaints were ignored by Bi-State, (vi) he was terminated on May 17, 2021, for

3

false and pretextual reasons, and (vii) the individuals that terminated him, i.e., the decisionmakers, were aware of Meinen's complaints. (App. 65-67; R. Doc. 19, at 2-4.)

Appellant focuses on the argument that temporal proximity alone is not enough under the circumstances alleged here; but, even assuming that is correct, Meinen has pled more than just temporal proximity to support his claim for retaliation. Meinen had a long, 8-year work history with no problems until he began being sexually harassed by a coworker and complained about it to supervisors. Meinen's complaints were ignored by Bi-State, showing that Bi-State had no interest in resolving his complaints. It can certainly be inferred by Bi-State's lack of action that it does not like those types of complaints or take them seriously. Then, Meinen was terminated for false and pretextual reasons. Meinen's allegations are sufficient to survive a 12(b)(6) motion to dismiss.

As discussed in Appellant's Brief, <u>Wilson v. Ark. Dep't of Human Servs.</u>, 850 F.3d 368 (8th Cir. 2017) is on point. On the topic of causation, the plaintiff alleged she was a "victim of …retaliation, after having complained about discrimination based on race, when she was … ultimately terminated." <u>Id.</u> at 373. This Court held the foregoing allegation was sufficient to state but-for causation in connection with a retaliation claim. <u>Id.</u>

Importantly, this Court explained in <u>Wilson</u> that retaliation claims typically

4

should be addressed during the summary judgment phase, as opposed to the pleading phase. Id. at 372.

The same holds true here. Meinen's allegations are sufficient to state a retaliation claim, even when temporal proximity is not considered. Ultimately, whether or not the evidence will support Meinen's claim should be determined via a summary judgment motion.

**II.        Meinen Sufficiently Pled Claims for Discrimination.**

Like retaliation, the elements of a discrimination claim under Title VII are well recognized. The plaintiff must show: (i) he is a member of a protected class, (ii) he was qualified for his position, (iii) he suffered an adverse employment action, and (iv) the circumstances give rise to an inference of discrimination. Ring v. First Interstate Mortg., Inc., 984 F.2d 924, 926 (8th Cir. 1993).

Here, Meinen's discrimination claims are set forth in Counts II and III, which were dismissed by the district court. In dismissing, the district court followed the McDonnell Douglas burden shifting analysis, and ultimately concluded Meinen did not plead sufficient facts to survive this analysis.

Here, Meinen sufficiently pled facts to support both gender discrimination and race discrimination claims. Meinen alleges: (i) he complained about harassment he was enduring from an African-American woman, and these complaints were ignored, and he was terminated for false reasons, and (ii) complaints made by non-

5

Caucasian males were investigated by Bi-State and the complainant was not terminated.

These are more than just "threadbare recitals" of discrimination as argued by Appellee; Meinen has pled facts that show he, a white male, was harassed by a black female, his complaints were ignored while complaints by non-whites were not ignored, and complaints by females were not ignored (he was in fact questioned during an investigation into a female's complaints). His harasser, a black female, was not disciplined nor fired for her conduct, but he was terminated for a false reason.

Hence, the district court's dismissal of Counts II and III should be reversed.

**III.   Meinen Sufficiently Pled a Claim for Hostile Work Environment.**

Again, the elements of a hostile work environment claim are well established. A plaintiff must show: (i) he belongs to a protected group, (ii) he was subjected to unwelcome harassment, (iii) a causal connection between the harassment and the protected group, (iv) the harassment affected a term, condition, or privilege of employment, and (v) the employer knew or should have known of the harassment and failed to take proper remedial action. <u>Washington v. Board of Regents of University of Minnesota</u>, 998 F.3d 789, 799 (8th Cir. 2021).

With regard to the fourth element, there are two types of hostile work environment claims recognized under Title VII. See <u>Burlington Industries v. Ellerth,</u>

6

524 U.S. 742 (1998). First, Title VII recognizes pure harassment claims, i.e., claims that do not include a discreet discriminatory action (often referred to as a tangible employment action), such as termination or demotion. Id. Second, Title VII recognizes dual claims, i.e., claims that include harassment and a discreet discriminatory action.

Here, Meinen alleged facts to support either type of hostile work environment claim. Specifically, Meinen pled: "This unwelcome harassment adversely affected Plaintiff's employment, because: (i) it resulted in Plaintiff's termination, and (ii) the hostile work environment made it difficult for Plaintiff to perform his job duties and caused him great emotional distress." (App. 70; R. Doc. 19, at 7.)

Appellee argues that the conduct Meinen complains of was not severe or pervasive enough to rise to the level of a hostile work environment. This argument has no merit. Appellant pled that his harasser physical sexually touched him by rubbing his backside, commented that he would look good with no clothes on, discussed this comment with coworkers, and discussed with Meinen, in earshot of other coworkers, the possibility of the two of them cheating sexually together. This conduct is severe and pervasive.

Further, most of the cases relied on by Appellee are analyzed under the summary judgment standard, not a motion to dismiss standard. As stated above, "to

7

Appellate Case: 23-1242     Page: 8     Date Filed: 06/20/2023 Entry ID: 5288276

524 U.S. 742 (1998). First, Title VII recognizes pure harassment claims, i.e., claims that do not include a discreet discriminatory action (often referred to as a tangible employment action), such as termination or demotion. Id. Second, Title VII recognizes dual claims, i.e., claims that include harassment and a discreet discriminatory action.

Here, Meinen alleged facts to support either type of hostile work environment claim. Specifically, Meinen pled: "This unwelcome harassment adversely affected Plaintiff's employment, because: (i) it resulted in Plaintiff's termination, and (ii) the hostile work environment made it difficult for Plaintiff to perform his job duties and caused him great emotional distress." (App. 70; R. Doc. 19, at 7.)

Appellee argues that the conduct Meinen complains of was not severe or pervasive enough to rise to the level of a hostile work environment. This argument has no merit. Appellant pled that his harasser physical sexually touched him by rubbing his backside, commented that he would look good with no clothes on, discussed this comment with coworkers, and discussed with Meinen, in earshot of other coworkers, the possibility of the two of them cheating sexually together. This conduct is severe and pervasive.

Further, most of the cases relied on by Appellee are analyzed under the summary judgment standard, not a motion to dismiss standard. As stated above, "to

524 U.S. 742 (1998). First, Title VII recognizes pure harassment claims, i.e., claims that do not include a discreet discriminatory action (often referred to as a tangible employment action), such as termination or demotion. Id. Second, Title VII recognizes dual claims, i.e., claims that include harassment and a discreet discriminatory action.

Here, Meinen alleged facts to support either type of hostile work environment claim. Specifically, Meinen pled: "This unwelcome harassment adversely affected Plaintiff's employment, because: (i) it resulted in Plaintiff's termination, and (ii) the hostile work environment made it difficult for Plaintiff to perform his job duties and caused him great emotional distress." (App. 70; R. Doc. 19, at 7.)

Appellee argues that the conduct Meinen complains of was not severe or pervasive enough to rise to the level of a hostile work environment. This argument has no merit. Appellant pled that his harasser physical sexually touched him by rubbing his backside, commented that he would look good with no clothes on, discussed this comment with coworkers, and discussed with Meinen, in earshot of other coworkers, the possibility of the two of them cheating sexually together. This conduct is severe and pervasive.

Further, most of the cases relied on by Appellee are analyzed under the summary judgment standard, not a motion to dismiss standard. As stated above, "to

7

Appellate Case: 23-1242     Page: 8     Date Filed: 06/20/2023 Entry ID: 5288276

survive a motion to dismiss, a complaint must contain sufficient factual matter, *accepted as true*, to 'state a claim to relief that is plausible on its face.'" A plaintiff's claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Blomker v. Jewell, 831 F.3d 1051, 1055 (8th Cir. 2016).

## CONCLUSION

For all of the foregoing reasons, Appellant respectfully asks the Court to reverse/vacate the district court's Order of Dismissal and remand this matter for further proceedings.

Respectfully submitted,

PONDER ZIMMERMANN LLC

By /s/Douglas B. Ponder
    Douglas Ponder
    20 S. Sarah St.
    St. Louis, MO 63108
    Phone: 314-272-2621
    Fax:  314-272-2713

Attorney for Appellant

# **CERTIFICATE OF COMPLIANCE**

The foregoing brief complies with Fed. R. App. P. 32(a)(7)(B). Excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), this brief contains 1625 words. This brief has been prepared in a proportionally spaced typeface using Microsoft Office Word in Times New Roman 14-point font.

The undersigned further certifies that the brief and addendum have been scanned for viruses and are virus-free.

        Respectfully submitted,

        PONDER ZIMMERMANN LLC

        By    /s/Douglas B. Ponder
            Douglas Ponder
            20 S. Sarah St.
            St. Louis, MO 63108
            Phone: 314-272-2621
            Fax:  314-272-2713

        Attorney for Appellant

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2023, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system.

Respectfully submitted,

PONDER ZIMMERMANN LLC

By      /s/Douglas B. Ponder
      Douglas Ponder
      20 S. Sarah St.
      St. Louis, MO 63108
      Phone: 314-272-2621
      Fax:  314-272-2713

Attorney for Appellant